101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re 183 LORRAINE STREET ASSOCIATES, Debtor.
UNITED CAPITAL CORP., fka Metropolitan Consolidated
Industries, Inc., ak Attilio F. Petrocelli,
Plaintiff-Appellee,
v.
183 LORRAINE STREET ASSOCIATES, Irving Goldstein, Joseph K.
Nathanson, City of New York, and the People of the
State of New York, Defendants-Appellees,
French Bourekas Inc., Defendant-Appellant,
Joseph Fischer, Creditor-Appellant.
 No. 95-5101.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 Appearing for Appellants: Gerard Zwirn, Esq., Joseph Fischer pro se, N.Y., N.Y.
 Appearing for Plaintiff-Appellee: Raymond T. Mellon, Zetlin & De Chiara, N.Y., N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by creditor-appellant Fischer pro se and by counsel for plaintiff-appellee, and was submitted by counsel for defendant-appellant French Bourekas Inc.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant-appellant French Bourekas Inc. ("French"), represented by counsel, and creditor-appellant pro se Joseph Fischer appeal from a judgment of the United States District Court for the Eastern District of New York, I. Leo Glasser, Judge, affirming an order of the bankruptcy court for a mortgage foreclosure sale of the building in question. In an order dated March 8, 1996, this Court directed Fischer to brief the issue of his standing to appeal from the foreclosure sale order. His brief filed prior to the March 8 order, filed jointly with French, makes only a conclusory statement as to his standing. The fact that plaintiff-appellee in its brief on appeal stated that it would "voluntarily consent to Fischer's standing" did not relieve Fischer of his obligation to show standing, for standing cannot be conferred by agreement of the parties. If a party has no legally cognizable injury, the federal court lacks jurisdiction, for its ruling would be an advisory opinion in violation of Article III of the Constitution. Fischer filed no brief in response to the March 8 order, and the conclusory statement appearing in the joint brief is insufficient to show his standing. Accordingly, Fischer's appeal is dismissed for lack of standing.
 
 
 4
 As to the merits of the appeal by French, we have considered all of the arguments it has advanced in its brief, which contains no citation of cases, no discussion of the pertinent New York statute, and no rational argument to support the contention that the foreclosure order was improper. Accordingly, we conclude that the present appeal is frivolous.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 6
 In light of our finding that the appeal is frivolous, and in light of our view that a related appeal filed by the same appellants, In Re 183 Lorraine Street Associates (French Bourekas Inc.), No. 95-5094, is also frivolous, defendant-appellant French Bourekas Inc., its attorney Gerard Zwirn, and creditor-appellant Joseph Fischer are hereby ordered to show cause why they, jointly and severally, should not be required pursuant to Fed. R.App. P. 38 to pay plaintiff-appellee, in connection with this appeal and the related appeal in No. 95-5094, just damages in the total amount of $5,000, plus double costs with respect to each appeal. Any response to this order to show cause is to be in writing and is to be filed with the Clerk of this Court within 20 days of the date of this order.